**07 CV 6060**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE BUSTAMANTE<br>2544 South Avenue, 1st Floor<br>Wappingers Falls, New York 12590<br><br>Plaintiff,<br><br>v.<br><br>MIKEPAUL CORP., d/b/a PLAZA<br>LTC SERVICES<br>2673 West Main Street<br>Wappingers Falls, New York 12590<br><br>and<br><br>JOHN FRATTO<br>2673 West Main Street<br>Wappingers Falls, New York 12590<br><br>Defendants. | **JUDGE ROBINSON**<br><br>DOCKET NO._____<br><br>CIVIL ACTION<br><br>**JURY TRIAL DEMANDED** |



## CIVIL ACTION COMPLAINT

Plaintiff Jacqueline Bustamante (hereinafter referred as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress sexual harassment and other violations of Title VII of the Civil Rights Act of 1964, as amended, Intentional Infliction of Emotional Distress and New York Executive Law by Mikepaul Corp., d/b/a Plaza LTC Services (hereinafter referred to as "Plaza") and against John Fratto for intentional infliction of emotional distress.

### JURISDICTION and VENUE

2. The Court may properly maintain personal jurisdiction over Defendant because

Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United State Supreme Court in <u>International Shoe Co. v. Washington,</u> 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Southern District of New York has original subject jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights. The Court may also maintain supplemental jurisdiction over the state law claims set forth herein pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claims(s) within the Court's original jurisdiction that they form part of the same case or controversy.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b)(1) and 1391(b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff interviewed for employment within the Southern District of New York at the time of the illegal actions set forth herein).

## **PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant Plaza is a domestic business corporation incorporated in the state of New York with its principal place of business in the state of New York.

8. Defendant John Fratto (hereinafter referred as "Fratto") is the owner and

executive director of Plaza.

9. At all relevant times herein, Defendant Plaza acted by and through it agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## PROCEDURAL and ADMINISTRATIVE REQUIRMENTS

10. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "9" with the same force and effect as if more fully set forth herein at length.

11. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of Civil Rights Act of 1964 as follows:

   a. On or about October 10, 2006, Plaintiff filed a timely written charge of discrimination with the New York office of the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC");

   b. On or about March 27, 2007, the EEOC issued a determination on Plaintiff's EEOC charge a by issuing a right-to-sue letter;

   c. The instant action is timely because it is filed within 90 days of the aforesaid notices of dismissal and/or notices of right to sue.

## FACTUAL BACKGROUND

12. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "11" with the same force and effect as if more fully set forth herein at length.

13. Plaintiff was employed with Plaza for approximately one (1) year.

14. During Plaintiff's employment with Plaza she was continuously sexually harassed by Fratto and other employees of Plaza.

15. Fratto frequently made sexually offensive comments and inappropriately made Plaintiff make physical contact with him on numerous occasions.

16. Plaintiff told a supervisor about Mr. Fratto's conduct towards her and she was told to "suck it up" and to "rub her nipples and like it."

17. Fratto was persistent in his advances and sexual harassment of Plaintiff, and, as a result, Plaintiff's supervisor and co-workers ridiculed her about having sexual relations with Mr. Fratto.

18. Plaintiff notified Plaza's human resource manager, Cynthia Fratto, about the treatment of her by her co-workers, and Plaintiff was told to try to work things out on her own.

19. Ultimately, Plaintiff was told by Ms. Fratto to give her two weeks notice because Ms. Fratto wanted her out.

**Count I**
**Violations of Title VII of the Civil Rights Act of 1964**
**(Sexual Harassment – Hostile Work Environment)**

20. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "19" with the same force and effect as if more fully set forth herein at length.

21. Plaintiff was sexually harassed in a pervasive and/or severe manner, creating a sexually hostile work environment.

22. Defendant Plaza failed to take adequate safeguards against such harassment and ignored Plaintiff's requests for assistance.

23. These actions as aforesaid created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

## Count II
### Intentional Inflication of Emotional Distress
### -Against Defendant Fratto-

24. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "23" with the same force and effect as if more fully set forth herein at length.

25. In intentionally and willfully engaging in the foregoing acts toward Plaintiff, Defendant intentionally inflicted severe emotional distress upon Plaintiff, causing physical, mental and other negative impacts upon Plaintiff.

## Count III
### Violations of New York Executive Law § 296(1)
### (Sexual Harassment)

26. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "25" with the same force and effect as if more fully set forth herein at length.

27. Pursuant to §296(1) of the New York Executive Law, it is an unlawful discriminatory practice for an employer and/or employee to discriminate against an employee because of sex, or creating a sexually hostile environment for which the employee is forced to endure.

28. Defendant "Plaza" and "Fratto" have engaged in an unlawful discriminatory practice under §296(1) of the State Human Rights Law by failing to prevent sexual harassment of the plaintiff and allowing a sexually hostile environment to be created and to occur.

29. As a result of Defendants' unlawful discriminatory practices, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiff or any other present employees on any basis forbidden by state or federal law;

B. Defendants are to promulgate and adhere to a policy prohibiting the aforementioned discrimination;

C. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, humiliation, and punitive damages caused by Defendants' actions;

E. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future.

F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

H. Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & VIRANT**

_____
Adam C. Virant, Esq.
140 Broadway
46th Floor
New York, NY 10005
(212) 929-6030 phone
(212) 929-6123 fax

Dated: June 23, 2007