UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JACQUELINE BUSTAMANTE,

       Plaintiff,                    **ANSWER**

  - against -                 07-cv-6060 (SCR)

MIKEPAUL CORP. d/b/a PLAZA LTC
SERVICES and JOHN FRATTO,

       Defendants.
----------------------------------------X

    Defendants MIKE-PAUL CORP., d/b/a PLAZA LTC SERVICES ("Plaza"), incorrectly sued herein as "MIKEPAUL CORP. d/b/a PLAZA LTC SERVICES", and JOHN FRATTO ("Fratto") (collectively, "defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer plaintiff's Complaint herein as follows:

### AS TO THE INTRODUCTION

    FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and refer all matters of law to the Court.

### AS TO JURISDICTION AND VENUE

    SECOND: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint and refer all matters of law to the Court.

    THIRD: Defendants deny knowledge or information sufficient

444080.1 DocsNY

to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint and refer all matters of law to the Court.

FOURTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint and refer all matters of law to the Court.

### AS TO THE PARTIES

FIFTH: With respect to the allegations contained in paragraph "5" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "FOURTH" of this Answer with the same force and effect as if fully set forth at length herein.

SIXTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

SEVENTH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint, but admit that defendant Plaza is a corporation organized pursuant to the laws of the State of New York and that its principal place of business is within the State of New York.

EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph "8" of the Complaint and refer all matters of law to the Court.

NINTH:   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and refer all matters of law to the Court.

### AS TO THE PROCEDURAL AND ADMINISTRATIVE REQUIREMENTS

TENTH:   With respect to the allegations contained in paragraph "10" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "NINTH" of this Answer with the same force and effect as if fully set forth at length herein.

ELEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint, except admit that: (a) plaintiff filed a charge of discrimination with the New York Office of the Equal Employment Opportunity Commission ("EEOC") on or about October 10, 2006; and (b) the EEOC issued a Right to Sue Letter on March 27, 2007.  Defendants refer all matters of law to the Court.

### AS TO THE FACTUAL BACKGROUND

TWELFTH: With respect to the allegations contained in paragraph "12" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "ELEVENTH" of this Answer with the same force and effect as

if fully set forth at length herein.

THIRTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "13" of the Complaint, except admit that plaintiff was employed at Plaza from on or about August 31, 2005 until her voluntary resignation on July 21, 2006.

FOURTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "14" of the Complaint.

FIFTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "15" of the Complaint.

SIXTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "16" of the Complaint, but state that on one occasion plaintiff's co-worker, another female employee, joked with plaintiff about rubbing her breasts, to which plaintiff responded by laughing and joking.

SEVENTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "17" of the Complaint.

EIGHTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "18" of the Complaint, but state that on or about July 20 and/or July 21, 2006 Plaza's human resources director met with plaintiff and several of her female co-workers to address a personality conflict that had arisen between plaintiff and her female co-workers.

NINETEENTH: Defendants deny the truth of each and every allegation contained in paragraph "19" of the Complaint.

### WITH RESPECT TO COUNT I (Alleged Violations of Title VII of the Civil Rights Act of 1964)

TWENTIETH:  With respect to the allegations contained in paragraph "20" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "NINETEENTH" of this Answer with the same force and effect as if fully set forth at length herein.

TWENTY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "21" of the Complaint.

TWENTY-SECOND:  Defendants deny the truth of each and every allegation contained in paragraph "22" of the Complaint.

TWENTY-THIRD:  Defendants deny the truth of each and every allegation contained in paragraph "23" of the Complaint and refer all matters of law to the Court.

### WITH RESPECT TO COUNT II (Alleged Intentional Infliction of Emotional Distress)

TWENTY-FOURTH: With respect to the allegations contained in paragraph "24" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWENTY-THIRD" of this Answer with the same force and effect as if fully set forth at length herein.

TWENTY-FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "25" of the Complaint and refer all matters of law to the Court.

### WITH RESPECT TO COUNT III (Alleged Violations of New York Executive Law Violations)

TWENTY-SIXTH: With respect to the allegations contained in paragraph "26" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWENTY-FIFTH" of this Answer with the same force and effect as if fully set forth at length herein.

TWENTY-SEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint and refer all matters of law to the Court.

TWENTY-EIGHTH: Defendants deny the truth of each and every allegation contained in paragraph "28" of the Complaint.

TWENTY-NINTH: Defendants deny the truth of each and every allegation contained in paragraph "29" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

THIRTIETH: Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

THIRTY-FIRST: Plaintiff's claims must be dismissed as barred by the applicable statute(s) of limitation or other time limitations.

### THIRD AFFIRMATIVE DEFENSE

THIRTY-SECOND: To the extent that the claims alleged in the Complaint fail to comply with procedural or administrative

conditions precedent to filing a civil action as imposed by the relevant federal and New York state statutes, they should be dismissed in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

THIRTY-THIRD: Plaintiff's action against defendants is barred to the extent that the claims raised in plaintiff's Complaint are beyond the scope of those raised in the administrative proceeding(s).

### FIFTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: Defendants did not discriminate against plaintiff. Defendants' conduct with respect to the plaintiff conformed to the requirements of all applicable laws.

### SEVENTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH: Plaintiff's action is barred because defendant Plaza complied with its own established policies and procedures for the prevention and detection of unlawful discriminatory practices and it does not condone acts of discriminatory conduct by its employees.

### EIGHTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: If any wrongful action or omission occurred, which defendants deny, defendants exercised reasonable care to

prevent and correct promptly any purported wrongful conduct and/or plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by defendant or to otherwise avoid the alleged harm.

### NINTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: Plaintiff did not suffer any adverse employment action and voluntarily resigned from employment with defendant Plaza. Any adverse action taken by defendants concerning plaintiff's employment was for a reasonable and legitimate reason and was not based upon gender or as a form of retaliation.

### TENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH: Any damages allegedly suffered by plaintiff, which defendants deny, were caused solely by her own culpable conduct and not by any culpable conduct of defendants or anyone acting under their direction or control.

### ELEVENTH AFFIRMATIVE DEFENSE

FORTIETH: Any damages allegedly suffered by plaintiff, which defendants deny, should be reduced in proportion to the extent they were due to her own culpable conduct.

### TWELFTH AFFIRMATIVE DEFENSE

FORTY-FIRST: Plaintiff has failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-SECOND: To the extent plaintiff is entitled to any relief, which defendants deny, such relief is limited by that relief available under the relevant statute(s).

## FOURTEENTH AFFIRMATIVE DEFENSE

FORTY-THIRD: All actions taken by defendants were for reasons solely relating to the legitimate, non-discriminatory corporate interests of defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH: There is no basis in law or fact for the imposition of punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

FORTY-FIFTH: Plaintiff's punitive damages claims are barred by both the United States Constitution and Constitution of New York State.

## SEVENTEENTH AFFIRMATIVE DEFENSE

FORTY-SIXTH: Plaintiff's claims for punitive damages are barred due to defendants' good faith efforts to comply with applicable anti-discrimination laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH: To the extent the Complaint seeks equitable

relief, such relief is barred by principles of equitable estoppel and/or the doctrine of unclean hands.

**WHEREFORE**, defendants demand judgment dismissing the Complaint herein, together with their costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated:   September 4, 2007
         New York, New York

>                   Respectfully submitted,
>                   LANDMAN CORSI BALLAINE & FORD P.C.
>
>               By: /s/ James M. Woolsey
>                   James M. Woolsey, III (JW 9157)
>                   Attorneys for Defendants
>                   120 Broadway, 27th Floor
>                   New York, New York  10271-0079
>                   (212) 238-4800

TO: ADAM C. VIRANT, ESQ.
    Karpf Karpf & Virant
    140 Broadway, 46th Floor
    New York, New York 10005
    (212) 929-6030
    Attorney for Plaintiff

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

      **RYAN NEW**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

    That on the 4th day of September, 2007, deponent served the within **ANSWER** upon:

        ADAM C. VIRANT, ESQ.
        Karpf Karpf & Virant
        140 Broadway, 46th Floor
        New York, New York 10005
        (212) 929-6030

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                            _____
                                                Ryan New

Sworn to before me this
4th day of September, 2007

_____
       Notary

                        DANA LUTHER
              Notary Public, State of New York
                    No. 02LU6145463
               Qualified in Queens County
            Commission Expires May 8, 2010